DLA PIPER, LLP (US)
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
PANKIT J. DOSHI, Cal. Bar No. 231369
MATTHEW R. DARDENNE, Cal. Bar No. 281489
555 Mission Street, 24th Floor
San Francisco, California 94105
Telephone:   415.836.2500
Facsimile:    415.836.2501

Attorneys for Defendant RUAN TRANSPORT CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ARIAS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>RUAN TRANSPORT CORPORATION, an Iowa corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. 1:16-cv-00280-LJO-SAB<br><br>DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME TO HEAR MOTION FOR TRIAL CONTINUANCE AND EXTENSION OF ASSOCIATED DEADLINES INCLUDING DISPOSITIVE MOTIONS |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March ___, 2017, at 8:30 a.m., or upon a date set by the Court, or as soon thereafter as counsel may be heard in Courtroom 9 before the Hon. Stanley M. Boone, of the above-entitled Court, located at 2500 Tulare St. #1501, Fresno, California 93721, Defendant Ruan Transport Corporation ("Defendant" or "Ruan") will and hereby does move *ex parte* for an order shorting the time to bring a motion to continue the trial date and corresponding deadlines such as to bring a motion for summary judgment (the "Motion").

This application is made pursuant to Federal Rule of Civil Procedure 6(c) and Eastern District Local Rule 144(e), which allows the Court to grant ex parte relief where a party makes a showing that, in its absence, the party will suffer irreparable prejudice or immediate

danger if relief is not granted. Defendants will suffer irreparable prejudice if the Court does not issue an order shorting the hearings on the Motion because it has not been allowed by Plaintiff and his counsel to take Plaintiff's deposition. This along with other serious abuses of the discovery process by Plaintiff have hamstrung Defendant's ability to prepare this case for trial and potential dispositive motions.

This Court has the authority to shorten the time for hearing on this Motion. Local Rule 144(e) specifically provides for an application for an order shortening time upon the showing of a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel in the action.

This application is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Ellen M. Bronchetti, the [Proposed] Order, the Memorandum of Points and Authorities in Support of the Motion and all supporting papers filed therewith, and the Court's file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This action arises out of the termination of Plaintiff's employment with Ruan after he refused to take a random drug test required under the U.S. Department of Transportation's regulations concerning safety-sensitive employees. Plaintiff has filed several claims under California's Fair Employment and Housing Act, Cal. Gov. Code § 12940 et al., and the California Labor Code for failure to pay all wages owed.

The necessity of filing this *ex parte* application and the underlying motion arises out of Plaintiff's abuse of the discovery process including the failure to produce Plaintiff for a deposition, despite numerous attempts by Ruan, for months, to request dates and notice Plaintiff's deposition. As a result of this and other numerous delays and abuses of the discovery process, Ruan has been unable to discover the evidence necessary to properly defend this action.

The taking of Plaintiff's deposition is indisputably critical to the defense of this action as his testimony will likely be dispositive to essential elements of his various claims.

Defendant anticipates that Plaintiff's testimony will undermine several of Plaintiff's claims potentially allowing those claims to be eliminated through appropriate motions for summary judgment or, alternatively, summary adjudication.

Meanwhile, several important deadlines are approaching that materially affect Defendant's rights in defending this action including deadlines for discovery, expert discovery, and most importantly dispositive motions. Unless the Court grants this *ex parte* application, Defendant will suffer irreparable prejudice in preparing summary judgment motions and for trial without the benefit of the full testimony and evidence critical to its case.

Consequently, Defendant respectfully requests this Court grant this application.

## II. FACTUAL BACKGROUND

Plaintiff originally filed his Complaint on January 27, 2016. (Declaration of Ellen m Bronchetti in Support of Defendant Ruan Transport Corporation's *Ex Parte* Application to Shorten Time to Hear Motion for Trial Continuance and Extension of Associated Deadlines Including Dispositive Motions [hereinafter "Bronchetti Decl."], ¶ 2.) After removing the action to federal court, Plaintiff then filed a First Amended Complaint on October 21, 2016, which is the operative complaint in this action. (*Id.*)

The First Amended Complaint brings twelve causes of action primarily under either the California Fair Employment and Housing Act ("FEHA") or for violation of the California Labor Code and applicable wage orders for non-payment of alleged applicable wages and failure to produce employment documents. (*Id.* at 3.)

### A. Prior Efforts to Resolve Discovery Disputes

To date, the parties' counsel have been able to resolve most procedural and scheduling issues amicably. For instance the parties were previously able to stipulate to a change in discovery deadlines. As a result, on January 17, 2017, the Court entered its Order to Continue Discovery Deadlines changing the deadline for non-expert discovery to May 3, 2017 and expert-discovery to July 5, 2017. (*Id.* at 4.) Likewise, the parties were able to agree to a change to the deadline to file non-dispositive motions. (*Id.*) As a result, the Court entered its Order re Stipulation to Extend

Nondispositive Motion Deadline on March 8, 2017. (*Id.*) Unfortunately, the parties have not been able to similarly agree about continuing the deadlines for trial or for motions for summary judgment. (*Id.*)

### B. Present Dispute

Defendants first informed Plaintiff's counsel Plaintiff's deposition would be necessary in the parties F.R.C.P. Rule 26(f) conference. (*Id.* at 5.) On February 10, 2017 filed its first notice of deposition for March 17, 2017. (*Id.*) Plaintiff filed objections and refused to produce responsive documents sought in the subpoena *duces tecum* attached to the deposition notice. (*Id.*) On March 8, 2017, Ruan served an amended deposition notice. (*Id.*) Plaintiff once again objected and, this time, refused to produce Plaintiff on March 17, 2017. (*Id.*) Plaintiff's counsel offered to produce Plaintiff on April 7, 2017. (*Id.*) In response, defense counsel explained that Plaintiff's proposed date left too little time to prepare a dispositive motion which is due on April 14, 2017. (*Id.*) Eventually the parties agreed to depose Plaintiff on March 30, 2017. (*Id.*)

Simultaneously, counsel for the parties also could not agree to produce Plaintiff's medical records on a timely basis prior to Plaintiff's noticed deposition. (*Id.* at 6.) While the parties previously agreed to allow Plaintiff fifteen days to review any documents produced in response to medical record subpoenas, defense counsel informed Plaintiff that it would need the recently served third-party subpoena responses sooner than that to prepare for Plaintiff's deposition. (*Id.*) Unfortunately, Plaintiff would not agree to produce the records any sooner. Plaintiff's counsel simply stated he would do "his best" to provide the documents. (*Id.*)

These recent developments leave Defendants ill prepared to file its Motion for Summary Judgment by the cutoff date on April 14, 2017. Given the proximity to that date, Defendants also are unable to file a regular noticed motion. (*Id.* at 7.)

### C. Defendant Was Not able to Obtain Plaintiff's Consent by Stipulation

Despite the parties ability to stipulate to prior changes to the Court's initial scheduling order, Defense counsel was not able to able to obtain Plaintiff's counsel's consent to a stipulation to continue the trial date or to extend the deadline for dispositive motions. (*Id.* at 8.) As a result, Defendant brings this *ex parte* application.

## III. LEGAL ARGUMENT

Good cause exists to grant Ruan's *ex parte* application to shorten time to file a motion for continuance of trial and extension of associated deadlines including the deadline to file a motion for summary judgment because Ruan will experience immediate and irreparable injury to its ability to properly defend itself in this action if a trial continuance is not granted and the deadline to file a dispositive motion is not extended.

### A. The Court Has Power to Shorten Time For a Hearing

Under FRCP 6, a court may extend or shorten the time to respond to a motion. *Ex parte* orders are generally granted for scheduling matters to shorten time for hearings when good cause exists. FRCP 6(c)(1)(C); *see United States v. Fitch*, 472 F2d 548, 549, n. 5 (9th Cir. 1973); *In re Intermagnetics America, Inc.* 101 BR 191, 192-193 (C.D. CA 1989)

Under Eastern District Local Rule 144, applications "to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time." The affidavit of counsel must set forth a "satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." *Id.* Any "proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion." *Id.*

### B. Good Cause Exists to Shorten the Time for a Hearing on a Motion to Continue Trial and Extend Associated Deadlines Including Dispositive Motions and Pre-trial Conferences

Here, good cause exists to enter an order shortening time because Ruan will be immediate and irreparable injury to its ability to properly defend itself in this action if a trial continuance is not granted and the deadline to file a dispositive motion is not extended.

Under the Court's scheduling order, Motions for Summary Judgment must be filed based on the current trial date on or before April 14, 2017. However, at this time, Defendant cannot file its Motion for Summary Judgment because it has not been permitted to take Plaintiff's deposition or review pertinent medical files related to Plaintiff's alleged disability. Defendant first contacted Plaintiff about taking Plaintiff's deposition during the parties F.R.C.P. Rule 26(f) conference. Defendant then noticed Plaintiff's deposition on February 10, 2017. Plaintiff objected to both Defendant's deposition notice and the subpoena *duces tecum* attached thereto. On March 8, 2017, Ruan served its amended deposition notice. Again, Plaintiff objected and refused to produce Plaintiff. Instead, Plaintiff's counsel agreed to produce Plaintiff on April 7, 2017, only seven days before the deadline to file a motion for summary judgment. Defense counsel explained that this was not sufficient to properly prepare a motion for summary judgment. As a result, Plaintiff's counsel agreed to produce on March 30, 2017.

However, given the time frame to get a proper deposition transcript, review it, and still prepare a dispositive motion this is not sufficient to adequately prepare and file a dispositive motion.

Further complicating the issue is Plaintiff's inability to provide subpoenaed medical records from Plaintiff's health care providers. Plaintiff operative complaint contains several claims regarding his alleged medical disability. To assess that alleged disability, and its effect on any dispositive motion, Defendant will need adequate time to review those records and potentially have medical experts review it. However, as of now, Plaintiff has only agreed to produce those records one day prior to Plaintiff's deposition. This is likewise not sufficient to prepare for Plaintiff's deposition or a dispositive motion.

Without moving these dates, Defendant will not be able to adequately prepare a dispositive motion, which based on the evidenced obtained to date, has a strong chance of success

at least on certain causes of action. Should Defendant be denied an opportunity to adequately prepare a dispositive motion in an effort to limit the claims brought to trial it will be irreparably prejudiced or harmed.

Consequently, a motion to continue the trial date and extend the deadline to file dispositive motions and all other collateral dates such as any pre-trial conferences, like the upcoming Mandatory Settlement Conference, needs to be brought before the Court. However, given the time between the deadline to file a dispositive motion, and the time to notice and hear a proper motion, insufficient time exists to regularly schedule a motion to continue trial and extend appropriate deadlines. As a result, good cause exists to hear the motion on an expedited basis.

Therefore, Defendant respectfully requests the Court grants this *ex parte* application.

### IV. CONCLUSION

Good cause exists to grant Defendant's *Ex Parte* Application because without hearing a motion to continue trial and related dates, Defendant will be unfairly prejudiced and irreparably harmed in preparing any motion for summary judgment. To date, Plaintiff has not made himself available for a deposition and will not do so until less than two weeks prior to the deadline to file dispositive motions. As a result, a hearing should be held to determine whether the trial date and related deadlines should be continued.

Dated: March 23, 2017

DLA Piper LLP (US)

By      /S/
ELLEN M. BRONCHETTI
PANKIT J. DOSHI
MATTHEW R. DARDENNE

Attorneys for Defendant
RUAN TRANSPORT CORPORATION