1  DLA PIPER, LLP (US)
   ELLEN M. BRONCHETTI, Cal. Bar No. 226975
2  PANKIT J. DOSHI, Cal. Bar No. 231369
   MATTHEW R. DARDENNE, Cal. Bar No. 281489
3  555 Mission Street, 24th Floor
   San Francisco, California 94105
4  Telephone:    415.836.2500
   Facsimile:    415.836.2501
5
   Attorneys for Defendant RUAN TRANSPORT
6  CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JAVIER ARIAS, an individual, | Case No. 1:16-cv-00280-LJO-SAB |
| 12          Plaintiff, | DECLARATION OF ELLEN M. BRONCHETTIN IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME TO HEAR MOTION FOR TRIAL CONTINUANCE AND EXTENSION OF ASSOCIATED DEADLINES INCLUDING DISPOSITIVE MOTIONS |
| 13     v. | |
| 14  RUAN TRANSPORT CORPORATION, an Iowa corporation; and DOES 1 through 50, | |
| 15  inclusive, | |
| 16          Defendants. | |

17

18          I Ellen M. Bronchetti, hereby declare and state as follows:

19          1.      I am an attorney at law duly licensed to practice before all state and federal courts

20  in the State of California. I am a partner with DLA Piper LLP (US) and am counsel of record for

21  Defendant Ruan Transportation Corporation ("Ruan" or "Defendant"). I am one of the attorneys

22  acting on behalf of Ruan in this action. I have personal knowledge of the following facts, and if

23  called to testify, I could and would competently testify thereto.

24          2.      Plaintiff originally filed his Complaint on January 27, 2016. After removing the

25  action to federal court, Plaintiff then filed a First Amended Complaint on October 21, 2016, which

26  is the operative complaint in this action.

27
   WEST\275764896.1                              -1-
28  DECLARATION OF ELLEN M. BRONCHETTIN IN SUPPORT OF DEFENDANT'S EX
    PARTE APPLICATION TO SHORTEN TIME TO HEAR MOTION FOR TRIAL
    CONTINUANCE AND EXTENSION OF ASSOCIATED DEADLINES INCLUDING
    DISPOSITIVE MOTIONS

3. The First Amended Complaint brings twelve causes of action primarily under either the California Fair Employment and Housing Act ("FEHA") or for violation of the California Labor Code and applicable wage orders for non-payment of alleged applicable wages and failure to produce employment documents.

4. To date, the parties counsel have been able to resolve most procedural and scheduling issues amicably. For instance the parties were previously able to stipulate to a change in discovery deadlines. As a result, on January 17, 2017, the Court entered its Order to Continue Discovery Deadlines changing the deadline for non-expert discovery to May 3, 2017 and expert-discovery to July 5, 2017. Likewise, the parties were able to agree to a change to the deadline to file non-dispositive motions. As a result, the Court entered its Order re Stipulation to Extend Nondispositive Motion Deadline on March 8, 2017. Unfortunately, the parties have not been able to similarly agree about continuing the deadlines for trial or for motions for summary judgment.

5. Defendants first informed Plaintiff's counsel Plaintiff's deposition would be necessary in the parties F.R.C.P. Rule 26(f) conference. On February 10, 2017, Defendant filed its first notice of deposition to Plaintiff to take his deposition on March 17, 2017. Plaintiff filed objections and refused to produce responsive documents sought in the subpoena duces tecum attached to the deposition notice. On March 8, 2017, Ruan served an amended deposition notice. Plaintiff once again objected and, this time, refused to produce Plaintiff on March 17, 2017. Plaintiff's counsel offered to produce Plaintiff on April 7, 2017. In response, defense counsel explained that Plaintiff's proposed date left too little time to prepare a dispositive motion which is due on April 14, 2017. Eventually the parties agreed to depose Plaintiff on March 30, 2017.

6. Simultaneously, counsel for the parties also could not agree to produce Plaintiff's medical records on a timely basis prior to Plaintiff's noticed deposition. While the parties previously agreed to allow Plaintiff fifteen days to review any documents produced in response to medical record subpoenas, defense counsel informed Plaintiff that it would need recently filed

responses sooner than that to prepare for Plaintiff's deposition. Unfortunately, Plaintiff would not agree to produce the records any sooner. Plaintiff's counsel simply stated he would do "his best" to provide the documents.

7. These recent developments leave Defendants ill prepared to file its Motion for Summary Judgment by the cutoff date on April 14, 2017. Given the proximity to that date, Defendants also are unable to file a regular noticed motion.

8. Despite the parties ability to stipulate to prior changes to the Court's initial scheduling order, Defense counsel was not able to able to obtain Plaintiff's counsel's consent to a stipulation to continue the trial date or to extend the deadline for dispositive motions.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on March 23, 2017, at San Francisco, California.

By _____
ELLEN M. BRONCHETTI