DLA PIPER, LLP (US)
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
PANKIT J. DOSHI, Cal. Bar No. 231369
MATTHEW R. DARDENNE, Cal. Bar No. 281489
555 Mission Street, 24th Floor
San Francisco, California 94105
Telephone:    415.836.2500
Facsimile:    415.836.2501

Attorneys for Defendant RUAN TRANSPORT CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ARIAS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>RUAN TRANSPORT CORPORATION, an Iowa corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 1:16-cv-00280-LJO-SAB<br><br>NOTICE AND MOTION FOR TRIAL CONTINUANCE AND EXTENSION OF ASSOCIATED DEADLINES INCLUDING DISPOSITIVE MOTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to the Court's Order re Defendant's Ex Parte Application to Shorten Time to Hear Motion for Trial Continuance and Extension of Associated Deadlines Including Dispositive Motions on March 29, 2017, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 9, 6th floor, before the Honorable Stanley M. Boone of the above-entitled Court, located at 2500 Tulare St. #1501, Fresno, California 93721, Defendant, Ruan Transport Corporation, ("Defendant" or "Ruan"), by and through its counsel of record will and hereby does move the Court for an order continuing the trial date and extension of associated deadlines including deadlines to file dispositive motions. (the "Motion").

A trial continuance and extension of all associated deadlines, including deadlines to file dispositive motions is brought pursuant to Federal Rule of Civil Procedure 16(b) on the grounds that good cause exists to continue the trial and extend all associated deadlines, including deadlines to file dispositive motions, because Plaintiff and his counsel have failed to produce Plaintiff for a deposition.  The Motion is also made on the grounds that Plaintiffs have failed to disclose relevant health information subpoenaed from third-party health care providers under an agreed upon first-look procedure.  Plaintiff's and his counsel's actions have unfairly prejudiced Defendant and their preparations for their Defense.  Consequently, good cause exists to continue the current trial date and extend all associated deadlines including deadlines to file dispositive motions.

The Motion is based on Defendant's Ex Parte Application to Shorten Time to Hear Motion for Trial Continuance and Extension of Associated Deadlines Including Dispositive Motions, the Notice of Motion, the Memorandum of Points and Authorities filed in support of the Motion, the Declaration of Ellen M. Bronchetti in Support of the Motion, all pleadings and records in this action, and any oral argument or other evidence presented to the Court at the time of the hearing.

Dated: March 23, 2017

                DLA Piper LLP (US)

                By           /S/
                        ELLEN M. BRONCHETTI
                        PANKIT J. DOSHI
                        MATTHEW R. DARDENNE

                        Attorneys for Defendant
                        RUAN TRANSPORT CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b), Defendant moves the Court to continue the trial date and to modify the Court's Scheduling Conference Order, which was originally issued on June 16, 2016, (Dkt No. 10), and amended on January 27, 2017 (Dkt. No. 23).

Good cause exists for this motion because of Plaintiff's extreme and unforeseeable delay in producing himself for deposition. Good cause also exists because Plaintiff has unnecessarily delayed the production of relevant medical documents subpoenaed by Defendant but produced to Plaintiff under a first-look procedure agreed to between Plaintiff and Defendant.

Without a continuance of trial and an extension for all associated deadlines, including deadlines to file dispositive motions, Defendant will suffer substantial unfair prejudice as it will not be able to timely file appropriate dispositive motions, such as a motion for summary judgment, or in the alternative a motion for summary adjudication, and prepare for trial on appropriate causes of action. Meanwhile, granting the motion will cause Plaintiff little to no prejudice.

Consequently, Defendant asks the Court to issue an Order to Continue Trial and Extend Associated Deadlines Including Dispositive Motions.

## II. FACTUAL BACKGROUND

Plaintiff originally filed his Complaint on January 27, 2016. (Declaration of Ellen m Bronchetti in Support of Defendant Ruan Transport Corporation's *Ex Parte* Application to Shorten Time to Hear Motion for Trial Continuance and Extension of Associated Deadlines Including Dispositive Motions [hereinafter "Bronchetti Decl."], ¶ 2.) After removing the action to federal court, Plaintiff then filed a First Amended Complaint on October 21, 2016, which is the operative complaint in this action. (*Id.*)

### 1. Factual Background

This action arises out of Ruan's termination of Plaintiff's employment after he refused to take a random drug test required under the U.S. Department of Transportation's

C:\NRPortbl\WEST\MD38065\275765687_1.docx                -3-
NOTICE AND MOTION FOR TRIAL CONTINUANCE AND EXTENSION OF
ASSOCIATED DEADLINES INCLUDING DISPOSITIVE MOTIONS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

("DOT") regulations concerning safety-sensitive employees. Plaintiff was initially hired as a commercial truck driver for Ruan, a DOT designated safety-sensitive position. As a safety-sensitive employee, Plaintiff was subject to various drug tests, including random drug tests, that test for several controlled substances including marijuana and opiates. (*Id.* at 3.)

On October 31, 2014, Plaintiff was required to participate in a random drug test. On the date of the exam, Plaintiff participated as required. However, according to the test supervisor, Maria Marrupo, Plaintiff's sample did not meet the temperature required, which is between 90-100 degrees Farenheit, and was discarded. As a result, Plaintiff was asked to retest. Plaintiff refused. According to Ms. Marrupo, Plaintiff was informed that his refusal to test would be reported to his employer. (*Id.* at 4.)

As a result, of his refusal to test, Plaintiff, according to DOT regulations could not resume safety-sensitive duties until he retested, was cleared, and completed re-certification training. Furthermore, under Ruan's Safety-Sensitive (DOT) Drug and Alcohol Policy, Plaintiff explicitly acknowledged that his "failure to fully comply with DOT and Company regulations concerning drug and alcohol testing procedures may result in disciplinary action, up to and including termination" of employment. (*Id.* at 5.)

Based on Plaintiff's failure to test and its policy, Defendant elected to terminate Plaintiff's employment. Thereafter, Plaintiff brought this action. (*Id.* at 6.)

### 2. Potential for Summary Judgment

The First Amended Complaint brings twelve causes of action primarily under either the California Fair Employment and Housing Act ("FEHA") or for violation of the California Labor Code and applicable wage orders for non-payment of alleged applicable wages and failure to produce employment documents. Plaintiff's theory for each alleged violation of the FEHA is that Ruan unlawfully discriminated against Plaintiff on the basis of an alleged disability. (*Id.* at 7.)

During his employment with Ruan, Plaintiff sustained a workplace injury on or around October 26, 2014 when he was hit on the shoulder by a falling stack of bread. Plaintiff

1  was treated for this injury and released to return to work with minimal restriction on October 27,
2  2014, all though he was restricted from driving a commercial vehicle. (*Id.* at 8.)

3  Defendant intends to file a motion for summary judgment, or alternatively
4  summary adjudication, against each cause of action brought under the FEHA and collateral causes
5  of action because Plaintiff will not be able to prove a prima facie case for violation of the FEHA.
6  His deposition is critical in determining whether Plaintiff can prove a prima facie case and
7  establishing Ruan's defenses thereto. (*Id.* at 9.)

8  Counsel for Plaintiff and Defendant have had repeated discussions about settlement
9  of this matter and as a result, have delayed taking any depositions while exploring settlement.
10 Recently, Plaintiff apparently decided settlement was not realistic, and sent a PMK deposition
11 notice seeking over 50 categories of testimony. Given the categories for which Plaintiff seeks a
12 PMK deposition, Defendant anticipates this will result in 5-6 additional witnesses who are all
13 located out of state. On March 17, Plaintiff served an amended PMK deposition notice. (*Id.* at 10.)

14 Likewise, Ruan also plans to bring a motion for summary judgment, or
15 alternatively summary adjudication, against each cause of action alleging wage and hour
16 violations. Again, Plaintiff's deposition is critical to the establishing Ruan's defenses. (*Id.* at 11.)

17  **3.   Efforts to Notice Plaintiff's Deposition**

18 Defendants first contacted Plaintiff's counsel to set Plaintiff's deposition during its
19 initial Rule 26(f) scheduling conference. Since at least that time, Plaintiff and his counsel knew
20 his deposition would be critical in developing Defendant's case, as it is in virtually all litigation
21 matters. (*Id.* at 12.)

22 On February 10, 2017 Defendant filed its first notice of deposition to Plaintiff with
23 the deposition noticed to take place on March 17, 2017. Plaintiff filed objections and refused to
24 produce responsive documents sought in the subpoena *duces tecum* attached to the deposition
25 notice. On March 8, 2017, Ruan served an amended deposition notice. Plaintiff once again
26 objected and, this time, refused to produce Plaintiff on March 17, 2017. Plaintiff's counsel offered
27 to produce Plaintiff on April 7, 2017. In response, defense counsel explained that Plaintiff's

28 C:\NRPortbl\WEST\MD38065\275765687_1.docx        -5-

proposed date left too little time to prepare a dispositive motion which is due on April 14, 2017. Eventually the parties agreed to depose Plaintiff on March 30, 2017. (*Id.* at 13.)

Simultaneously, counsel for the parties also could not agree to produce Plaintiff's medical records on a timely basis prior to Plaintiff's noticed deposition. While the parties previously agreed to allow Plaintiff fifteen days to review any documents produced in response to medical record subpoenas, defense counsel informed Plaintiff that it would need the recently served third-party subpoena responses sooner than that to prepare for Plaintiff's deposition. Unfortunately, Plaintiff would not agree to produce the records any sooner. Plaintiff's counsel simply stated he would do "his best" to provide the documents. (*Id.* at 14.)

These developments leaves Defendant ill prepared to file its Motion for Summary Judgment by the cutoff date on April 14, 2017. (*Id.* at 15.)

### 4. Plaintiff Has Not Released His Subpoenaed Medical Records

To support its defense of this action, Ruan subpoenaed medical records from Plaintiff's health care providers. Plaintiff put his health in issue by claiming disability discrimination. Ruan agreed to provide Plaintiff the opportunity to review and redact the subpoenaed records, and thereafter provide a privilege log for any withheld records. (*Id.* at 16.)

Recently, several providers provided their responses to the records. However, they did not respond quickly enough as a result of a meet and confer process begun by Plaintiff to allow Plaintiff the full amount of time to review, redact, and provide the records to Ruan so that Ruan might use them in any dispositive motion. Ruan has requested Plaintiff expedite its process, but Plaintiff has only stated it would do its best. (*Id.* at 17.)

Finally, On March 21, Defense counsel learned that the Vice President and General Counsel of Ruan (who is a necessary party to the settlement conference) is not available on April 21, the date set for the conference. My office contacted the Court which indicated that there are no other dates prior to April 14 that work for Plaintiff and Defendant to hold the mandatory settlement conference. (*Id.* at 18.)

1    On March 22, the National Labor Relations Board set a hearing in Eureka to begin
2 on March 30, and consecutive days after if the matter does not finish in one day. They denied
3 defense counsel's request to continue the hearing in part as a result of the taking of Plaintiff's
4 deposition on March 31 in Los Angeles. Currently, the only date Plaintiff has provided for his
5 deposition is March 31. There is a high likelihood that the NLRB hearing will not conclude in one
6 day and that the deposition will need to be rescheduled as a result of the NLRB's order. Should
7 the Court not agree to move the dispositive motion deadline and given Plaintiff's lack of
8 availability on dates for his deposition prior to April 14, it will be impossible for Defendant to take
9 his deposition prior to April 14. (*Id.* at 19.)

### III.    LEGAL ARGUMENT

Good cause exists to amend the Court's Scheduling Order to continue trial and extend all associated deadlines such as the deadline to file a motion for summary judgment because will be substantially and unfairly prejudiced should it not be permitted to take Plaintiff's deposition in sufficient time to prepare a motion for summary judgment.

#### A.    The Court Has Discretion to Amend Its Scheduling Order

Rule 16 of the Federal Rules of Civil Procedure authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters. Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." F.R.C.P Rule 16(b). Thus, the Court has the authority to modify the pretrial scheduling to continue a trial date and extend deadlines to file dispositive motions "upon a showing of good cause." Fed. R. Civ. P. 16(b); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (a "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") A good cause determination lies squarely within the trial court's discretion. *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995). The focus of the determination should focus on the party's diligence. *Johnson*, 975 F.2d at 609

## B. Good Cause Exists to Continue the Trial and Extend Associated Deadlines Including Dispositive Motions

Here, good cause exists because Defendant was diligent in seeking the deposition of Plaintiff and the deposition was unilaterally delayed by Plaintiff and his counsel. However, if a continuance is not granted, and associated deadlines not extended, Defendant will suffer irreparable harm and substantial unfair prejudice as it prepares for trial.

Again, Plaintiff has been aware his deposition would need to be taken since the inception of the case but no later than the parties Rule 26(f) scheduling conference. Defendant originally noticed Plaintiff's deposition to take place on February 10, 2017. Had the deposition occurred then, or immediately thereafter, Defendant would have sufficient time to prepare and file a summary judgment motion with a strong chance of summarily dismissing some, if not all, of Plaintiff's claims.

Plaintiff's counsel objected to both Defendant's deposition notice and the subpoena *duces tecum* attached thereto, and refused to produce Plaintiff on a timely basis. On March 8, 2017, Ruan served its amended deposition notice. Again, Plaintiff objected and refused to produce Plaintiff. Instead, Plaintiff's counsel agreed to produce Plaintiff on April 7, 2017, only seven days before the deadline to file a motion for summary judgment. Defense counsel explained that this was not sufficient to properly prepare a motion for summary judgment. As a result, Plaintiff's counsel agreed to produce on March 30, 2017.

However, given the time frame to get a proper deposition transcript, review it, and still prepare a dispositive motion, this is not sufficient to adequately prepare and file a dispositive motion.

Further complicating the issue is Plaintiff's inability to provide subpoenaed medical records from Plaintiff's health care providers. Plaintiff operative complaint contains several claims regarding his alleged medical disability. To assess that alleged disability, and its effect on any dispositive motion, Defendant will need adequate time to review those records and potentially have medical experts review it. Those records are now in the possession of Plaintiff as

C:\NRPortbl\WEST\MD38065\275765687_1.docx        -8-
NOTICE AND MOTION FOR TRIAL CONTINUANCE AND EXTENSION OF ASSOCIATED DEADLINES INCLUDING DISPOSITIVE MOTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

it reviews the records to assert any privacy objection. As of now, Plaintiff has only agreed to produce those records one day prior to Plaintiff's deposition. This is likewise not sufficient to prepare for Plaintiff's deposition or a dispositive motion.

Without moving these dates, Defendant will not be able to adequately prepare a dispositive motion, which based on the evidenced obtained to date, has a strong chance of success at least on certain causes of action. Should Defendant be denied an opportunity to adequately prepare a dispositive motion in an effort to limit the claims brought to trial it will be irreparably prejudiced or harmed.

Consequently, Ruan respectfully requests the Court enter an Order continuing the trial date and extending associated deadlines, including those for dispositive motion, to a date mutually agreed upon by the parties and the Court.

### IV.  CONCLUSION

Good cause exists to amend the Court's scheduling order to continue the current trial date and extend associated deadlines because Plaintiff has not made himself available for a deposition and will not do so until less than two weeks prior to the deadline to file dispositive motions. Moreover, Plaintiff has not released his subpoenaed medical records on a timely basis for Ruan to properly assess those documents and use them appropriately in any dispositive motion. Defendant has been diligent in preparing its defense of this action, and as a result, has not contributed to the delays. As a result, Ruan respectfully requests the Court enter an Order continuing the trial date and extending associated deadlines, including those for dispositive motion, to a date mutually agreed upon by the parties and the Court..

Dated: March 22, 2017

DLA Piper LLP (US)

By     /S/
ELLEN M. BRONCHETTI
PANKIT J. DOSHI
MATTHEW R. DARDENNE

Attorneys for Defendant
RUAN TRANSPORT CORPORATION