DLA PIPER, LLP (US)
ELLEN M. BRONCHETTI, Cal. Bar No. 226975
PANKIT J. DOSHI, Cal. Bar No. 231369
MATTHEW R. DARDENNE, Cal. Bar No. 281489
555 Mission Street, 24th Floor
San Francisco, California 94105
Telephone:   415.836.2500
Facsimile:    415.836.2501

Attorneys for Defendant RUAN TRANSPORT CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ARIAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RUAN TRANSPORT CORPORATION, an Iowa corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:16-cv-00280-LJO-SAB<br><br>DECLARATION OF ELLEN M. BRONCHETTIN IN SUPPORT OF MOTION FOR TRIAL CONTINUANCE AND EXTENSION OF ASSOCIATED DEADLINES DISPOSITIVE MOTIONS |

I Ellen M. Bronchetti, hereby declare and state as follows:

1. I am an attorney at law duly licensed to practice before all state and federal courts in the State of California. I am a partner with DLA Piper LLP (US) and am counsel of record for Defendant Ruan Transportation Corporation ("Ruan" or "Defendant"). I am one of the attorneys acting on behalf of Ruan in this action. I have personal knowledge of the following facts, and if called to testify, I could and would competently testify thereto.

2. Plaintiff originally filed his Complaint on January 27, 2016. After removing the action to federal court, Plaintiff then filed a First Amended Complaint on October 21, 2016, which is the operative complaint in this action.

-1-

3.      This action arises out of Ruan's termination of Plaintiff's employment after he refused to take a random drug test required under the U.S. Department of Transportation's ("DOT") regulations concerning safety-sensitive employees.  Plaintiff was initially hired as a commercial truck driver for Ruan, a DOT designated safety-sensitive position.  As a safety-sensitive employee, Plaintiff was subject to various drug tests, including random drug tests, that test for several controlled substances including marijuana and opiates.

4.      On October 31, 2014, Plaintiff was required to participate in a random drug test.  On the date of the exam, Plaintiff participated as required.  However, according to the test supervisor, Maria Marrupo, Plaintiff's sample did not meet the temperature required, which is between 90-100 degrees Farenheit, and was discarded.  As a result, Plaintiff was asked to retest.  Plaintiff refused.  According to Ms. Marrupo, Plaintiff was informed that his refusal to test would be reported to his employer.

5.      As a result, of his refusal to test, Plaintiff, according to DOT regulations could not resume safety-sensitive duties until he retested, was cleared, and completed re-certification training.  Furthermore, under Ruan's Safety-Sensitive (DOT) Drug and Alcohol Policy, Plaintiff explicitly acknowledged that his "failure to fully comply with DOT and Company regulations concerning drug and alcohol testing procedures may result in disciplinary action, up to and including termination" of employment.

6.      Based on Plaintiff's failure to test and its policy, Defendant elected to terminate Plaintiff's employment.  Thereafter, Plaintiff brought this action.

7.      The First Amended Complaint brings twelve causes of action primarily under either the California Fair Employment and Housing Act ("FEHA") or for violation of the California Labor Code and applicable wage orders for non-payment of alleged applicable wages and failure to produce employment documents.  Plaintiff's theory for each alleged violation of the FEHA is that Ruan unlawfully discriminated against Plaintiff on the basis of an alleged disability.

8.      During his employment with Ruan, Plaintiff sustained a workplace injury on or around October 26, 2014 when he was hit on the shoulder by a falling stack of bread.  Plaintiff

1  was treated for this injury and released to return to work with minimal restriction on October 27, 2014, all though he was restricted from driving a commercial vehicle.

9.   Defendant intends to file a motion for summary judgment, or alternatively summary adjudication, against each cause of action brought under the FEHA and collateral causes of action because Plaintiff will not be able to prove a prima facie case for violation of the FEHA. His deposition is critical in determining whether Plaintiff can prove a prima facie case and establishing Ruan's defenses thereto.

10.  Counsel for Plaintiff and Defendant have had repeated discussions about settlement of this matter and as a result, have delayed taking any depositions while exploring settlement. Recently, Plaintiff apparently decided settlement was not realistic, and sent a PMK deposition notice seeking over 50 categories of testimony. Given the categories for which Plaintiff seeks a PMK deposition, Defendant anticipates this will result in 5-6 additional witnesses who are all located out of state. On March 17, Plaintiff served an amended PMK deposition notice which is attached hereto as **Exhibit A**.

11.  Likewise, Ruan also plans to bring a motion for summary judgment, or alternatively summary adjudication, against each cause of action alleging wage and hour violations. Again, Plaintiff's deposition is critical to the establishing Ruan's defenses.

12.  Defendants first contacted Plaintiff's counsel to set Plaintiff's deposition during its initial Rule 26(f) scheduling conference. Since at least that time, Plaintiff and his counsel knew his deposition would be critical in developing Defendant's case, as it is in virtually all litigation matters.

13.  On February 10, 2017, and after repeated efforts to schedule Plaintiff's deposition Defendant filed its first notice of deposition to Plaintiff with the deposition noticed to take place on March 17, 2017. Plaintiff filed objections and refused to produce responsive documents sought in the subpoena duces tecum attached to the deposition notice. On March 8, 2017, Ruan served an amended deposition notice. Plaintiff once again objected and, this time, refused to produce Plaintiff on March 17, 2017. Plaintiff's counsel offered to produce Plaintiff on April 7, 2017. In

response, defense counsel explained that Plaintiff's proposed date left too little time to prepare a dispositive motion which is due on April 14, 2017. Eventually the parties agreed to depose Plaintiff on March 30, 2017.

14. Simultaneously, counsel for the parties also could not agree to produce Plaintiff's medical records on a timely basis prior to Plaintiff's noticed deposition. While the parties previously agreed to allow Plaintiff fifteen days to review any documents produced in response to medical record subpoenas, defense counsel informed Plaintiff that it would need the recently served third-party subpoena responses sooner than that to prepare for Plaintiff's deposition. Unfortunately, Plaintiff would not agree to produce the records any sooner. Plaintiff's counsel simply stated he would do "his best" to provide the documents.

15. These developments leave Defendant ill prepared to file its Motion for Summary Judgment by the cutoff date on April 14, 2017.

16. To support its defense of this action, Ruan subpoenaed medical records from Plaintiff's health care providers. Plaintiff put his health in issue by claiming disability discrimination. Ruan agreed to provide Plaintiff the opportunity to review and redact the subpoenaed records, and thereafter provide a privilege log for any withheld records.

17. Recently, several providers provided their responses to the records. However, they did not respond quickly enough as a result of a meet and confer process begun by Plaintiff to allow Plaintiff the full amount of time to review, redact, and provide the records to Ruan so that Ruan might use them in any dispositive motion. Ruan has requested Plaintiff expedite its process, but Plaintiff has only stated it would do its best. Defendant will likely not have this information prior to the first day of Plaintiff's deposition.

18. On March 21, I learned that the Vice President and General Counsel of Ruan (who is a necessary party to the settlement conference) is not available on April 21, the date set for the conference. My office contacted the Court which indicated that there are no other dates prior to April 14 that work for Plaintiff and Defendant to hold the mandatory settlement conference.

19. On March 22, the National Labor Relations Board set a hearing in Eureka to begin on March 30, and consecutive days after if the matter does not finish in one day. They denied my request to continue the hearing in part as a result of my taking of Plaintiff's deposition on March 31 in Los Angeles. Currently, the only date Plaintiff has provided for his deposition is March 31. I am concerned that the NLRB hearing will not conclude in one day and I will need to reschedule the deposition as a result of the NLRB's order. Should the Court not agree to move the dispositive motion deadline and given Plaintiff's lack of availability on dates for his deposition prior to April 14, it will be impossible for Defendant to take his deposition prior to April 14.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on March 23, 2017, at San Francisco, California.

By _____
ELLEN M. BRONCHETTI

-5-
DECLARATION OF ELLEN M. BRONCHETTIN IN SUPPORT OF MOTION FOR TRIAL CONTINUANCE AND EXTENSION OF ASSOCIATED DEADLINES DISPOSITIVE MOTIONS