# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ARIAS,<br><br>            Plaintiff,<br><br>     v.<br><br>RUAN TRANSPORT CORPORATION,<br><br>            Defendant. | Case No.  1:16-cv-00280-SAB<br><br>ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE REGARDING PLAINTIFF'S COUNSEL'S OBJECTION TO AND ASSERTION OF PRIVILEGE FOR A QUESTION DURING PLAINTIFF'S DEPOSITION<br><br>(ECF No. 42) |

On April 5, 2017, Defendant took the deposition of Plaintiff, during which Plaintiff's counsel asserted a relevancy objection and a privacy privilege to a question.  The Court conducted an informal telephonic discovery dispute conference on April 5, 2017.  (ECF No. 42.)  Counsel Ashkan Shakouri appeared telephonically for Plaintiff.  Counsel Ellen Bronchetti and Matthew Dardenne appeared telephonically for Defendant.

On January 27, 2016, Plaintiff filed the complaint in this action in the Superior Court of the State of California, County of Stanislaus.  (ECF No. 1-1.)  On February 29, 2016, Defendant removed this action to the Eastern District of California.  (ECF No. 1.)  On October 21, 2016, Plaintiff filed a first amended complaint.  (ECF No. 16.)  This action is based on Plaintiff's termination by Defendant on November 12, 2014.  Plaintiff brings twelve causes of action under the California Fair Employment and Housing Act and for violation of the California Labor Code

1 and applicable wage orders for non-payment of alleged applicable wages and failure to produce
2 employment documents.  The California Fair Employment and Housing Act claims are based on
3 allegations that Defendant unlawfully discriminated against Plaintiff on the basis of an alleged
4 disability.

5    The issue currently before the Court concerns whether Plaintiff should have to answer a
6 question during his deposition regarding his cell phone numbers.  The parties indicated during
7 the teleconference that Plaintiff changed his cell phone number approximately four months ago,
8 so this issue concerns both the cell phone number Plaintiff had prior to four months ago and
9 Plaintiff's current cell phone number.

10    Defendant indicated during the informal teleconference that it intends to use the cell
11 phone numbers to subpoena Plaintiff's cell phone records.  Defendant believes that there were
12 text messages between Plaintiff and other employees of Defendant which Plaintiff deleted.
13 Defendant indicated that the text messages are pertinent to facts related to the litigation because
14 they may contain statements Plaintiff made while he was employed and when he was terminated.
15 Defendant indicated that Plaintiff may have made statements about his employment and his
16 alleged disability.  Plaintiff indicated that to the extent that the text messages existed, they have
17 been turned over to Defendant.  Plaintiff also indicated that Defendant does not need Plaintiff's
18 cell phone number because it could subpoena Plaintiff's phone records using Plaintiff's name.

19    Having considered the parties' arguments, the Court finds that Defendant may ask
20 Plaintiff what his current cell phone number is and the cell phone number that he had prior to
21 four months ago, and Plaintiff shall answer the question.  The Court finds that this question is
22 relevant and it is proportional to the needs of the case.  Plaintiff's cell phone numbers are
23 relevant because the statements made by Plaintiff in the text messages may be pertinent to the
24 alleged injury and the extent of any injury.  The Court also finds that the privacy privilege does
25 not exist in this matter as to Plaintiff's cell phone numbers.  The Court notes that the attorneys in
26 this matter are officers of the Court, and there is no evidence that the cell phone numbers will be
27 improperly used.
28 / / /

1     Accordingly, IT IS HEREBY ORDERED that Plaintiff shall answer Defendant's
2 question during the deposition regarding what his cell phone number currently is and what it was
3 prior to four months ago.

5 IT IS SO ORDERED.

6 Dated:   **April 5, 2017**

    UNITED STATES MAGISTRATE JUDGE