# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ARIAS,<br><br>    Plaintiff,<br><br>    v.<br><br>RUAN TRANSPORT CORPORATION,<br><br>    Defendant. | Case No. 1:16-cv-00280-SAB<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO BE PRODUCED FOR A SECOND DEPOSITION<br><br>ORDER VACATING APRIL 26, 2017 HEARING<br><br>(ECF Nos. 52, 54) |

Currently before the Court is Defendant's motion to compel Plaintiff to be produced for a second day of deposition testimony and require Plaintiff to pay all fees and costs required to compel his attendance, including reasonable attorneys' fees. (ECF No. 52.) On April 20, 2017, the Court set the motion for compel for hearing on April 26, 2017, at 10:00 a.m. (ECF No. 54.)

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the matter is taken under submission. The previously scheduled hearing set on April 26, 2017, at 10:00 a.m. is vacated and the parties will not be required to appear at that time.

## I.

## BACKGROUND

On January 27, 2016, Plaintiff filed the complaint in this action in the Superior Court of the State of California, County of Stanislaus. (ECF No. 1-1.) On February 29, 2016, Defendant

removed this action to the Eastern District of California.  (ECF No. 1.)  On October 21, 2016, Plaintiff filed a first amended complaint.  (ECF No. 16.)  This action is based on Plaintiff's termination by Defendant on November 12, 2014.  Defendant contends that Plaintiff was terminated after he refused to take a Department of Transportation mandated random drug test required for commercial truck driver.  Plaintiff brings twelve causes of action under the California Fair Employment and Housing Act and for violation of the California Labor Code and applicable wage orders for non-payment of alleged applicable wages and failure to produce employment documents.  The California Fair Employment and Housing Act claims are based on allegations that Defendant unlawfully discriminated against Plaintiff on the basis of an alleged disability.

On April 19, 2017, the parties filed a joint statement of discovery disagreement in which Defendant seeks to compel Plaintiff to be produced for a second day of deposition testimony, wherein Plaintiff complies with his notice of deposition and produces the categories of information and documents described in his notice of deposition.  (ECF No. 52.)  On April 20, 2017, the Court issued an order disregarding the parties' joint statement of discovery disagreement (ECF No. 52) unless and until the parties complied with the requirements of either Local Rule 251 or the Court's informal discovery process.  (ECF No. 53.)  Subsequently, on April 20, 2017, based on emails received from the parties, the Court issued a minute order construing the April 19, 2017 joint statement of discovery disagreement as a joint statement pursuant to Local Rule 251 on Defendant's motion to compel pursuant to Federal Rule of Civil Procedure 37.  (ECF No. 54.)  The Court set the hearing as to Defendant's motion to compel for April 26, 2017.  (ECF No. 54.)

## II.

## STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(3) *Specific Motions*.**
> **(B)** *To Compel a Discovery Response*. A party seeking discovery may move for

an order compelling an answer, designation, production, or inspection. This motion may be made if:

**(iv)** a party fails to produce documents or fails to respond that inspection be permitted—or fails to permit inspection—as required under Rule 34.

Fed. R. Civ. P. 37.

Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Depositions are governed by Federal Rule of Civil Procedure 30, which states, in pertinent part:

**(a) When a Deposition May Be Taken.**
**(1)** *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
**(2)** *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
**(A)** if the parties have not stipulated to the deposition and:
**(ii)** the deponent has already been deposed in the case.

Fed. R. Civ. P. 30.

Further, Federal Rule of Civil Procedure 30(b)(2) states that a subpoena for a deposition may designate materials to be produced at the deposition.

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The December 2015 amendment to Rule 26 was to restore the proportionality factors in defining the scope of discovery. See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment. Under the amended Rule 26, relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case. In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

1    "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than

2    it would be without the evidence; and (b) the fact is of consequence in determining the action."

3    Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly

4    to encompass any matter that bears on, or that reasonably could lead to other matter that could

5    bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc., 437 U.S. at 351.

6    Discovery is designed to help define and clarify the issues.  Id.  Although relevancy is broadly

7    defined for the purposes of discovery, it does have "ultimate and necessary boundaries."

8    Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

9                                              **III.**

10                                        **DISCUSSION**

11       The issues before the Court are whether Plaintiff should be produced for a second

12   deposition and whether Plaintiff should pay all fees and costs required to compel his attendance,

13   including reasonable attorneys' fees.

14       Defendant makes four arguments to support its requests: 1) Plaintiff did not provide the

15   documents from California Occupational Physicians ("COP") or let Defendant's counsel, Ellen

16   Bronchetti, know when they were available even though Ms. Bronchetti had discussions

17   regarding the documents with Plaintiff's counsel;  2) Plaintiff did not comply with the notice of

18   his deposition because he did not search for the documents; 3) Plaintiff did not comply with the

19   notice of his deposition because he did not produce documents from COP; and 4) Plaintiff did

20   not supplement his response to Defendant's request for production of documents with the

21   documents that he received from COP.

22       Plaintiff sought documents through a subpoena from a third party medical testing

23   corporation, COP.  The parties had engaged in meet and confer communications regarding the

24   documents prior to the production.  Defendant did not have the documents prior to Plaintiff's

25   deposition, but Defendant subsequently obtained a copy of the documents from COP after

26   Plaintiff's deposition.  Based on the joint statement, it appears that there are no other documents

27   that Plaintiff allegedly withheld.  Defendant argues that because the documents from COP were

28   not produced by Plaintiff prior to Plaintiff's deposition, Defendant was unable to depose Plaintiff

                                              4

on the contents of the documents. Defendant contends that the contents of the documents suggest that Plaintiff, contrary to his deposition testimony, was aware that he had refused to take a random drug test at the time he was selected for testing. The Court finds that the documents from COP would be relevant and proportional to the needs of the case. Whether Plaintiff knew what type of test he was subject to would be relevant in this action.

### 1. Whether Plaintiff Should be Produced for a Second Deposition

The Court first addresses whether Plaintiff should be produced for a second deposition. Defendant argues that Plaintiff promised to either provide the documents from COP or let Defendant know when they were available and failed to do so. Defendant contends that Defendant's counsel wrote Plaintiff's counsel asking whether the records from COP had been produced. Defendant indicates that Plaintiff's counsel promised to let defense counsel know when the records were available, which defense counsel believes never occurred. Defendant states that it was not until Plaintiff's deposition that Defendant realized the records had been produced and it then immediately sought the records from the third party. Therefore, Defendant believes that Plaintiff failed to comply with the spirit of Rule 45.

Plaintiff counters that Defendant's counsel's recollection of events regarding the meet and confer over the production of these documents from COP is inaccurate in the joint statement. Plaintiff claims that in response to Defendant's January 30, 2017 email, Plaintiff's counsel informed Defendant that Plaintiff had still not received the subpoenaed documents from COP. Plaintiff alleges that in a subsequent phone call, Plaintiff's counsel advised Defendant's counsel that she should call COP and obtain these documents herself and Defendant's counsel affirmed that she would do so. Plaintiff states that during the parties' April 18, 2017 conference, Defendant's counsel stated that she did not recall the conversation, but she never denied that she knew about the existence of the documents prior to the deposition and that she had the opportunity to obtain them before then.

Plaintiff had subpoenaed the documents from COP pursuant to Rule 45. The Advisory Committee Notes to the 2013 Amendments to Rule 45(a) provide, in pertinent part:

The amendments are intended to achieve the original purpose of enabling the

1　　　other parties to object or to serve a subpoena for additional materials.

2　　　Parties desiring access to information produced in response to the subpoena will
3　　　need to follow up with the party serving it or the person served to obtain such
　　　access. The rule does not limit the court's authority to order notice of receipt of
　　　produced materials or access to them. The party serving the subpoena should in
4　　　any event make reasonable provision for prompt access.

5 Advisory Committee Notes to the 2013 Amendments to Fed. R. Civ. P. 45(a).

6　　　Here, the parties had engaged in a meet and confer regarding the subpoenaed documents

7 from COP. Based on the statements in the joint statement, Defendant's counsel and Plaintiff's

8 counsel's recollections of the meet and confer communications differ. The oral meet and confer

9 communications were not memorialized in writing. According to Ms. Bronchetti's recollection

10 of the communications, Plaintiff should have let Defendant know when he received the

11 documents from COP. It can be inferred from the parties' communications during the meet and

12 confer over these subpoenaed documents that Defendant wanted Plaintiff to provide access to the

13 documents to Defendant. Even if Plaintiff did not want to provide access to the documents to

14 Defendant, notification of the receipt of the documents would have allowed Defendant to request

15 access to the documents. If Plaintiff had informed Defendant that it had received the documents

16 from COP and Plaintiff did not want to provide access to Defendant, Defendant could have made

17 a motion for access to the documents. As the Advisory Committee Notes to the 2013

18 Amendments to Rule 45(a) recognize, the court may order notice of receipt of produced

19 materials or access to them.

20　　　The Court recognizes that the parties' recollections of the meet and confer

21 communications differ. When the Court considers the joint statement regarding the parties' meet

22 and confer communications of the subpoenaed documents, and in light of Ms. Bronchetti's

23 recollection of the meet and confer communications, the Court finds that Plaintiff should be

24 produced for a second deposition concerning the documents from COP.[1]

25 ///

26 ///

---

27 [1] As the Court has already determined that Plaintiff should be produced for a second deposition, the Court addresses
28 Defendant's remaining arguments in the context of determining whether Plaintiff should have to pay the fees and
costs for Plaintiff's second deposition.

2.   <u>Whether Plaintiff Should Have to Pay the Fees and Costs for the Second Deposition</u>

The Court next addresses whether Plaintiff should have to pay the expenses and fees for the second deposition, including reasonable attorneys' fees.

While the Court grants Defendant's request for a second deposition of Plaintiff based on Plaintiff's failure to let Defendant know that the documents from COP had been produced, the Court finds that this is not a sufficient reason to shift the costs and fees of the second deposition to Plaintiff. Based on the differing recollections of counsel, and in light of Mr. Nazarian's recollection of the meet and confer communications, the Court will not require Plaintiff to pay all of the fees and costs for Plaintiff's second deposition. Counsel are advised in the future to make better efforts to ensure that their communications are clear. Further, it is good practice to confirm all oral communication in writing.

Defendant argues that Plaintiff failed to look for or search for relevant documents in compliance with a subpoena duces tecum attached to his amended notice of deposition. While Plaintiff did not search for the documents listed in attachment A to his deposition notice prior to his deposition, Plaintiff indicates in the joint statement that he searched after his deposition for non-privileged documents that were not produced and he could not find any. Plaintiff's counsel has offered to obtain a sworn declaration from Plaintiff attesting that all non-privileged documents have already been produced by Plaintiff in this case. Based on Plaintiff's assertion that he does not have any non-privileged documents responsive to his deposition notice that have not been produced and Defendant's statement that it has the documents from COP, a second deposition would not necessarily be required because of Plaintiff's failure to search for the documents prior to his deposition. Therefore, he Court will not shift the cost of the second deposition to Plaintiff based on Plaintiff's failure to search for documents prior to the deposition. Although Plaintiff's counsel suggests that he can obtain a sworn declaration from Plaintiff, as the Court finds that Plaintiff should be deposed a second time, Defendant may ask questions during the deposition regarding any searches for documents in response to the March 22, 2017 deposition notice. If the evidence obtained from the deposition suggests to the contrary or the

search was inadequate, then this Court will reconsider the fee shifting request. Counsel are admonished that anytime a deposition is accompanied by a request for documents, the producing counsel shall intend to comply with such a request or seek court relief, not just ignore the request.[2] However, if any new documents do come to light after this order but before Plaintiff's deposition, Plaintiff's counsel should make sure that Defendant's counsel has the documents in hand at least 2 days prior to the deposition.

Defendant next argues that Plaintiff had to produce the documents from COP pursuant to the March 22, 2017 deposition notice. Defendant contends that the documents from COP fall within category 6 of Plaintiff's amended notice of deposition which requested "[a]ny and all documents pertaining to Plaintiff's claims that have not already been produced in this case." The Court finds that category 6 of Plaintiff's amended notice of deposition is an overbroad request. Therefore, the Court does not shift the cost of the second deposition to Plaintiff based on Plaintiff not producing the documents from COP in response to the March 22, 2017 deposition notice.

Next, Defendant argues that Plaintiff had a duty to supplement his response to Defendant's request for production of documents with the documents from COP. Prior to Plaintiff receiving the documents from COP, Defendant served a request for production of documents, set one, on Plaintiff. Requests numbers 48 through 50 asked Plaintiff to provide any documents that relate to any drug test Plaintiff has undergone in connection with his employment by any employer between July 2006 to the present. Plaintiff objected to these requests, including an objection that the production of documents is outside of Plaintiff's possession, custody, or control.[3] Plaintiff contends that Defendant never met and conferred with Plaintiff regarding

---

[2] Ignoring requests can sometimes come with consequences including monetary and/or exclusionary sanctions.

[3] Plaintiff objected to these requests, as follows: "Respondent objects to this request as vague, ambiguous as to the term 'drug tests' and 'in connection', and as such Respondent objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to this Request in that it does not describe with reasonable particularity each item or category of items to be inspected. Plaintiff objects to this request to the extent it seeks the production of documents that: (i) are protected from discovery by the attorney-client privilege or the work product doctrine; (ii) are outside of Plaintiff's possession, custody, or control; (iii) would require Plaintiff to draw a legal conclusion to respond. This request is also an invasion of Plaintiff 's right to privacy." General objections will be met by this Court with general overruling. Further, these requests are, in part, at the heart of this case.

Plaintiff's objections to requests numbers 48 through 50. However, as Plaintiff objected to the requests for production based on not having possession of the documents, it would not have made sense for Defendant to seek to meet and confer on the issue at the time of the objections. As stated above, Plaintiff's counsel never told Defendant's counsel that he had received the documents from COP, so there would have been no point in the parties meeting and conferring regarding the objections if Plaintiff did not have possession of the documents. Further, the Court notes that many of Plaintiff's objections are boilerplate objections. The Court overrules Plaintiff's objections to requests numbers 48 through 50 for the documents from COP, which relate to Plaintiff's drug test. Therefore, the Court will shift the costs of the second deposition to Plaintiff based on Plaintiff not supplementing his responses to the request for production of documents with the documents from COP. However, the Court will not require Plaintiff to pay Defendant's attorneys' fees for the second deposition because even if Plaintiff had provided the documents from COP to Defendant prior to Plaintiff's first deposition, Defendant would still have incurred the attorneys' fees for questioning Plaintiff regarding the COP documents.

Accordingly, the Court finds that Defendant shall be able to depose Plaintiff a second time regarding the documents from COP and any efforts by Plaintiff to search for the documents that were identified on attachment A of the March 22, 2017 deposition notice. The Court will shift the costs of the second deposition to Plaintiff, but will not require Plaintiff to pay Defendant's attorneys' fees for the second deposition.

Plaintiff states that if the Court grants a second deposition of him, he will seek a second deposition of one of Defendant's witnesses, Kendra Fries, based on Defendant's failure to produce a relevant document prior to the deposition of Ms. Fries. As Plaintiff did not actually request another deposition of Ms. Fries in the current briefing, the Court does not address this issue at this time.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.    The April 26, 2017 hearing on Defendant's motion to compel is VACATED; and

1    2.    Defendant's motion to compel Plaintiff to be produced for a second deposition is
2          GRANTED IN PART as follows:
3    a.    Plaintiff shall be produced for a second deposition on or before April 28, 2017.
4          However, the deposition shall be limited to questions regarding the documents
5          from California Occupational Physicians and any efforts by Plaintiff to search for
6          the documents that were identified on attachment A of the March 22, 2017
7          deposition notice; and
8    b.    The Court grants Defendant's request for Plaintiff to pay the costs of Plaintiff's
9          second deposition.  However, the Court denies Defendant's request for Plaintiff to
10         pay Defendant's attorneys' fees.

IT IS SO ORDERED.

Dated:   **April 21, 2017**    _____

                              UNITED STATES MAGISTRATE JUDGE